UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                              CIVIL ACTION

SEAREX ENERGY SERVICES, INC.                        NO. 09-5817
            Debtor
                                                    SECTION "N" (3)

## ORDER AND REASONS

Before the Court is the **Motion for Leave to File Interlocutory Appeal (Rec. Doc. 1)**, wherein Trustee C. Michael Chiasson seeks leave to appeal the July 28, 2009 Bankruptcy Court Order, which maintained the United States Department of Transportation, Maritime Administration's Objection to the Final Report and Distribution and a recalculation, accounting, and payment of MARAD's claim of $163,950.29. After considering the motion and memorandum and the applicable law, this Court denies this motion.

Title 28, United States Code, Section 158(a) governs the jurisdiction of this Court over an appeal from a bankruptcy court's order. This section provides that a district court has jurisdiction "to hear appeals from final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of ... title [28]." 28 U.S.C. § 158(a).

The Bankruptcy Code does not contain any standards to govern whether leave should be granted. 10 COLLIER ON BANKRUPTCY ¶ 8003.03 (15th ed. rev. 2007). Thus, to determine

whether to allow an interlocutory appeal, district courts in this circuit apply the following standard under 28 U.S.C. § 1292(b): (1) a controlling issue of law must be present; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. See *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991); see also *In re Carden*, 1997 WL 361898 (E.D.La. 1997). The Fifth Circuit has held that "[t]he purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" where the three part test is satisfied. *U.S. v. Garner*, 749 F.2d 281 (5th Cir. 1985). Piecemeal appeals that serve only to extend the litigation are discouraged, especially when weighed against the interests of judicial economy and interests of the parties in obtaining an overall conclusion of the proceeding. See *Babin v. Hattier*, 1994 WL 43810 (E.D.La. 1994). Thus, courts will hear an interlocutory appeal only under circumstances that justify overriding the general policy of not allowing such appeals. See *Powers v. Montgomery*, 1998 WL 159944 (N.D. Tex.1998).

As with interlocutory appeals from district courts, bankruptcy interlocutory appeals are generally not favored, because they disrupt the bankruptcy proceedings. See *In re Cross*, 666 F.2d 873, 878 (5th Cir. 1982); *In re Executive Officer Centers, Inc.*, 75 B.R. 60 (E.D.La. 1987). In order for the court to hear such an appeal, the would-be appellant must present a precise statement of the controlling issue of law, in conjunction with a "brief argument showing the grounds for the asserted difference of opinion and the way in which the allowance of the petition would 'materially advance the ultimate termination of the litigation.'" See *Clark-Dietz and Associates-Eng'r v. Basic Constr. Comp.*, 702 F.2d 67, 69 (5th Cir. 1983) (quoting *In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. X1959)).

On the showing made and after consideration of the three criteria for interlocutory appeals

under 28 U.S.C. § 1292, the Court finds no reason to grant leave to appeal this interlocutory order. Specifically, the Court does not find that a grant of leave to appeal will materially advance the ultimate determination of this litigation. Instead, the undersigned concludes that it could delay the bankruptcy proceedings. Judicial economy, efficiency, and the interests of the parties in obtaining an overall conclusion of the bankruptcy proceeding weigh in favor of allowing the bankruptcy court to proceed and to complete the case in its entirety. Accordinly,

**IT IS ORDERED** that **the Motion for Leave to File Interlocutory Appeal (Rec. Doc. 1)** is hereby **DENIED**.

New Orleans, Louisiana, this 1st day of September 2009.

_____
KURT D. ENGELHARDT
United States District Judge